Steven **WIERZBA**, Plaintiff-Appellant,

v.

**Jill N. JAFFE; et al., Defendants-Appellees.**

No. 17-15325

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 28, 2017

Steven Wierzba, Pro Se

Kevin P. Cody, Ropers Majeski Kohn & Bentley, PC, San Jose, CA, for Defendants-Appellees Jill N. Jaffe, Adam G. Wong

Melissa Robbins Coutts, Esquire, Attorney, McCarthy & Holthus LLP, San Diego, CA, for Defendant-Appellee Quality Loan Service Corporation

David Gonden, Esquire, Attorney, Trombadore Gonden Law Group LLP, San Francisco, CA, for Defendant-Appellee Black Knight Financial Services Inc.

Bryant S. Delgadillo, Parker Ibrahim & Berg LLC, Costa Mesa, CA, for Defendant-Appellee JPMorgan Chase Bank, N.A.

Thomas P. Sullivan, Esquire, Brown & Sullivan, LLP, Alameda, CA, for Defendant-Appellee Clement Holdings, LLC

Before: CANBY, TROTT, and GRABER, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Steven Wierzba appeals pro se from the district court's judgment dismissing his action alleging various federal and state law foreclosure related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Wierzba's action as barred by the doctrine of res judicata because his claims were raised, or could have been raised, in his two prior federal court actions and the state court unlawful detainer action that resulted in final judgments. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (factors for applying federal rule for res judicata); *Vella v. Hudgins*, 20 Cal.3d 251, 142 Cal.Rptr. 414, 572 P.2d 28, 30 (1977) (unlawful detainer judgments have claim preclusive effect on subsequent actions challenging validity of title); *see also* Cal. Civ. Proc. Code § 1161a(b)(3) (unlawful detainer action permitted where property was acquired through a sale made in accordance with Section 2924 of the California Civil Code).

We reject as meritless Wierzba's contentions regarding defendant Quality Loan Service Corporation's alleged default.

We do not consider arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.